WILLMUT GAS AND OIL COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,

United Gas Pipe Line Company, Mississippi River Fuel Corporation, Texas Gas Transmission Corporation, City of Memphis and The Memphis Light, Gas and Water Division, Louisville Gas and Electric Company, Intervenors.

MISSISSIPPI VALLEY GAS COMPANY,
Petitioner,

v.

FEDERAL POWER COMMISSION,
Respondent,

United Gas Pipe Line Company, Mississippi River Fuel Corporation, Texas Gas Transmission Corporation, City of Memphis and The Memphis Light, Gas and Water Division, Louisville Gas and Electric Company, Intervenors.

PHILADELPHIA ELECTRIC COMPANY
and The United Gas Improvement
Company, Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent,

United Gas Pipe Line Company, Mississippi River Fuel Corporation, Texas Gas Transmission Corporation, Louisville Gas and Electric Company, Intervenors.

Nos. 16245, 16289, 16326.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 16, 1961.

Decided Jan. 4, 1962.

Mr. Reuben Goldberg, Washington, D. C., with whom Mr. George Spiegel, Washington, D. C., was on the brief for petitioner in No. 16289, argued for all petitioners.

Messrs. Bryce Rea, Jr., and Thomas M. Knebel, Washington, D. C., were on the brief for petitioner in No. 16245.

Messrs. J. David Mann, Jr., William W. Ross and John E. Holtzinger, Jr., Washington, D. C., were on the brief for petitioners in No. 16326.

Mr. Howard E. Wahrenbrock, Sol., Federal Power Commission, with whom Messrs. John C. Mason, Gen. Counsel, Federal Power Commission, at the time the brief was filed, and now Deputy Gen. Counsel, Luke R. Lamb, Asst. Gen. Counsel, Federal Power Commission, and Milton J. Grossman, Atty., Federal Power Commission, were on the brief, for respondent.

Mr. Thomas Fletcher, Houston, Tex., with whom Messrs. C. Huffman Lewis

and Vernon W. Woods, Shreveport, La., were on the brief, for intervenor United Gas Pipe Line Co.

Mr. Thomas F. Ryan, Jr., Washington, D. C., with whom Messrs. Christopher T. Boland, Washington, D. C., and Daniel K. O'Connell, Owensboro, Ky., were on the brief for intervenor Texas Gas Transmission Corp.

Mr. W. Russell Gorman, Washington, D. C., was on the brief for intervenor Mississippi River Fuel Corp.

Mr. Thomas F. Brosnan, Washington, D. C., was on the brief for intervenor Louisville Gas and Electric Co.

Mr. George E. Morrow, Memphis, Tenn., was on the brief for intervenors City of Memphis and Memphis Light, Gas and Water Division.

Before EDGERTON, FAHY and DANAHER, Circuit Judges.

EDGERTON, Circuit Judge.

We are to review under § 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), a Federal Power Commission order of January 4, 1961, 25 FPC 26, captioned United Gas Pipe Line Company, Docket Nos. G-9547 and G-10592, in two proceedings resulting from rate increases filed by United, a major interstate natural gas pipeline. Petitioners are customers directly or indirectly of United. The increases were filed September 30, 1955 and May 15, 1956, under § 4(d) of the Natural Gas Act, 52 Stat. 821–833, as amended 15 U.S.C.A. §§ 717–717w. On October 26, 1955 and June 15, 1956 the Commission suspended increases and ordered hearings. On motions by United they were made effective, subject to refund, on April 1 and November 16, 1956. After the hearings were closed, the Commission's decision on the merits was delayed by litigation which culminated in the decision of the Supreme Court, reversing this court, that United may file increased rate schedules unilaterally unless contracts forbid. United Gas Pipeline Co. v. Memphis Light, Gas and Water Division, 358 U.S. 103, 79 S.Ct. 194, 3 L.Ed.2d 153.

The basic question is how much should be included in United's cost of service because of its payments for gas to an affiliate, Union Producing Company. The Commission allowed payments at Union's rate levels of June 7, 1954. The hearings before the Commission were closed on April 8, 1957. On July 8, 1957, this court set aside an order of the Commission issued November 8, 1955 in another case involving United, holding that increases in the prices United pays to its affiliate cannot be included in United's costs unless "some factual economic justification" is shown. Mississippi River Fuel Corp. v. Federal Power Commission, 102 U.S.App.D.C. 238, 241, 252 F.2d 619, 622, cert. denied, 355 U.S. 904, 78 S.Ct. 331, 2 L.Ed.2d 260. On remand the Commission, on July 14, 1958, reconvened the proceedings there involved and permitted United to adduce evidence of Union's costs.

On January 2, 1958, promptly after denial of certiorari in Mississippi River Fuel, United filed with the Commission a "Motion to Reopen Hearings" in the two Commission proceedings involved in the present case, saying "the record should be opened in the two captioned proceedings, so that evidence may be offered to support and substantiate the amounts for cost of gas purchased from Union Producing Company included by United in its cost of service in the above two captioned dockets." The Commission refused to receive such evidence.[1] It now concedes that this was error, that its order of January 4, 1961 should be set aside, and that the matters should be remanded to the Commission for further proceedings in which evidence concerning "factual economic justification" for

---

1. It did reopen the record to include the rate schedules which Union filed after the Phillips case [Phillips Petroleum Co. v. State of Wisconsin], 347 U.S. 672, 74 S.Ct. 794, 98 L.Ed. 1035, was decided, but those schedules were not determinative because they were not filed until after the hearings here involved were concluded.

Union's charges to United may be introduced. We agree and remand accordingly. Petitioners contend that the Commission should be directed to dismiss the entire proceedings. But in the circumstances outlined above we think the Commission's former errors, first in not requiring and afterwards in not permitting United to justify Union's charges, should not lead to dismissal because of United's failure to sustain the burden of proof.

The Commission now concedes, and we agree, that it should also reconsider and determine on a reopened record whether the allowance for federal income taxes in United's cost of service should reflect any saving to United and its affiliates resulting from a consolidated income tax return. The Commission may also, in its discretion, reconsider the question of allocating United's costs between different parts of its system.

Reversed and remanded.